# EXHIBIT A

**THE WEITZ FIRM, LLC**
By:  Eric H. Weitz, Esquire
      Max S. Morgan, Esquire
I.D. Nos. 65514/316096
1528 Walnut Street, 4th Floor
Philadelphia, PA 19102
267-587-6240
215-689-0875 facsimile
eric.weitz@theweitzfirm.com
max.morgan@theweitzfirm.com

**THIS IS NOT AN ARBITRATION CASE. JURY TRIAL DEMANDED.**



Filed and Attested by the Office of Judicial Records
04 NOV 2021 12:29 pm
M. RUSSO

*Attorneys for Plaintiff and Class Action*

---

| | |
|---|---|
| **CHANNEL AWEAU**, *individually, and on behalf of all others similarly situated*, 2803 June Lane Bossier City, Louisiana 71112-2727 <br><br>                     *Plaintiff,* <br><br>     v. <br><br> **COMCAST CORPORATION,** One Comcast Center Philadelphia, Pennsylvania 19103 <br><br>                     *Defendant.* | **PHILADELPHIA COUNTY COURT OF COMMON PLEAS CIVIL TRIAL DIVISION** <br><br> **CLASS ACTION** <br><br>         **TERM, 2021** <br><br> **NO.** <br><br> **JURY TRIAL DEMANDED** |

## NOTICE TO DEFEND

### NOTICE

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint of for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

*You should take this paper to your lawyer at once. If you do not have a lawyer or cannot afford one, go to or*

### AVISO

Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las paginas siguientes, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificacion. Hace falta ascentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion. Ademas, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.

*Lleve esta demanda a un abogado immediatamente. Si no tiene abogado o si no tiene el dinero suficiente de*

1

*telephone the office set forth below to find out where you can get legal help.*

*pagar tal servicio. Vaya en persona o llame por telefono a la oficina cuya direccion se encuentra escrita abajo para averiguar donde se puede conseguir asistencia legal.*

**Philadelphia Bar Association**
**Lawyer Referral**
**and Information Service**
**1101 Market St., 11th Floor**
**Philadelphia, Pennsylvania 19107**
**(215) 238-6333**

*Asociacion De Licenciados*
*De Filadelfia*
*Servicio De Referencia E*
*Informacion Legal*
*1101 Market St., 11th Piso*
*Filadelfia, Pennsylvania 19107*
*(215) 238-6333*

## CLASS ACTION COMPLAINT

Plaintiff, Channel Aweau, individually and on behalf of all others similarly situated, brings this class action under Pa. R.C.P. §§ 1701-1717 against Defendant, Comcast Corporation ("Defendant" or "Comcast"), and alleges the following:

## INTRODUCTION

1.      Since at least as early as October 24, 2020, Comcast has repeatedly called Ms. Aweau's cellular telephone about a Comcast account that does not belong to her.

2.      Comcast used an artificial or prerecorded voice to make these calls in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227,*et seq*. ("TCPA").

3.      Ms. Aweau is not, and has never been, a Comcast customer and did not provide her express consent (or any consent whatsoever), to receive calls from Comcast regarding an account that she does not own.

4.      On numerous occasions, Ms. Aweau informed Comcast that it was calling the wrong number and asked Comcast to stop calling her.

5.      Comcast stated that it marked her number as "do-not-call" and promised Ms. Aweau that the calls would stop.

6.      Comcast, nevertheless, continues to make calls to Ms. Aweau's cellular telephone

2

Case ID: 211100417

without her consent.

7.     Accordingly, Ms. Aweau brings this TCPA action on behalf of herself and a class of similarly situated individuals under 47 U.S.C. §§ 227(b).

## JURISDICTION AND VENUE

8.     This Court has jurisdiction over Plaintiff's federal claims pursuant to 47 U.S.C. § 227(b)(3), which provides that "[a] person . . . may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State . . . an action based on a violation of this subsection . . . ."  47 U.S.C. § 227(b)(3).

9.     Comcast is a Pennsylvania corporation who at all times material to this Complaint has been in good standing and authorized to transact business in the Commonwealth of Pennsylvania.

10.     Comcast carries on a continuous and systematic part of its general business within the Commonwealth of Pennsylvania.

11.     Venue is appropriate under Pa. R.C.P. 1006 because Comcast is located in this county, and because the transactions or occurrences out of which this cause of action arose took place in this county.

## PARTIES

12.     Plaintiff Channel Aweau ("Ms. Aweau") is, and at all times mentioned herein was, a citizen and resident of Bossier City, Louisiana.

13.     Ms. Aweau is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

14.     Defendant Comcast Corporation is, and at all times mentioned herein was, a Pennsylvania corporation with headquarters at One Comcast Center, Philadelphia, Pennsylvania

3

Case ID: 211100417

19103-2838.

15.     Defendant is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153 (39).

**FACTUAL ALLEGATIONS**

16.     Ms. Aweau's telephone number, (xxx) xxx-1111, is assigned to a cellular telephone service.

17.     This number has been assigned to Ms. Aweau since December, 2016.

18.     Since at least as early as October 24, 2020, Comcast has repeatedly called Ms. Aweau's cellular telephone number and played a prerecorded message relating to a Comcast account that utilized an artificial or prerecorded voice.

19.     Ms. Aweau knew that the call used an artificial or prerecorded voice due to the tone and cadence of the voice and because Ms. Aweau is familiar with traditional human discourse and was unable to interact with the caller.

20.     Comcast is a publicly traded company with a market capitalization exceeding $261 billion dollars.  With millions of customers, the scale of Comcast's business requires the use of an automated system that allows the delivery of messages without the involvement of human agents.

21.     These calls are made from the number 1-888-934-6489.[1]

22.     Ms. Aweau does not have a Comcast account.

23.     Ms. Aweau has never been a Comcast customer.

24.     Ms. Aweau did not consent to receive calls from Comcast and never consented to receive calls intended for other Comcast customers.

---

[1] Other consumers report receiving similar calls from Comcast.  *See https://lookup.robokiller.com/p/888-934-6489?__cf_chl_jschl_tk__=pmd_oq5KYETXhjEVg0An.VYo.8OMPfB0KIIdq8eTUPfazWM-1633552613-0-gqNtZGzNAlCjcnBszOv9* (last accessed October 6, 2021).

Case ID: 211100417

25.     During numerous calls, Ms. Aweau followed the prompts to be connected to a live agent and informed the agent that Comcast was calling the wrong number and requested that the calls stop.

26.     Despite her informing Comcast of the erroneous nature of its calls and requesting that the calls stop, Comcast continued to place prerecorded calls to Ms. Aweau.

27.     On October 24, 2020 and June 24, 2021, Ms. Aweau spoke with a Comcast representative.

28.     On both occasions, the Comcast representative advised that Ms. Aweau's number was being marked as "do-not-call", or words to that effect, and that she should not receive any further calls.

29.     Despite these assurances, Ms. Aweau continues to receive calls from Comcast.

30.     Ms. Aweau also called Comcast's customer service number and requested that the calls stop.

31.     Nevertheless, Ms. Aweau continues to receive calls from Comcast.

32.     The content of Comcast's messages demonstrates that Comcast's calls were not made of an emergency purpose.

33.     Comcast is aware of the problems with its system resulting in these improper calls.

34.     Comcast has been sued multiple times for behavior similar to that described in this complaint. *See, e.g., Lacy v. Comcast Corporation*, Case No. 19-05007 (W.D. Wash.); *Elder v. Comcast Corporation*, Case No. 15-3834 (E.D. Pa.).

35.     Comcast is aware of the TCPA's prohibitions against the use of artificial or prerecorded voices to make calls to cellular phones without the prior express consent of the called party.  Comcast therefore knowingly and willfully caused calls utilizing an artificial or prerecorded

5

Case ID: 211100417

voice to be made to the cellular telephones of Ms. Aweau and other consumers without their prior express consent.

36.     In addition, each call Comcast made to Ms. Aweau's cellular telephone after she informed Comcast that it was calling the wrong number was made knowingly and willfully.

37.     Ms. Aweau has suffered concrete harm because of Defendant's unwanted and unsolicited telemarketing calls, including, but not limited to:

- Lost time tending to and responding to the unsolicited calls;

- Invasion of Privacy; and

- Nuisance.

38.     Accordingly, each of Comcast's calls to Ms. Aweau using an artificial or prerecorded voice violated 47 U.S.C. § 227(b).

39.     For violations of 47 U.S.C. § 227(b), Ms. Aweau is entitled to a minimum of $500 per call.

40.     Ms. Aweau is entitled to $1500 per call if Comcast's actions are found to be knowing or willful.

## CLASS ACTION ALLEGATIONS

41.     Plaintiff brings this action on behalf of a class, pursuant to Pa. R.C.P. §§ 1701-1717.

42.     Plaintiff seeks to represent the following Class:

**All persons called by or on behalf of Comcast on their cellular telephone numbers with an artificial or prerecorded voice within four years of the filing of the complaint after informing Comcast or its vendor that the call was to a wrong number.**

43.     Plaintiff reserves the right to amend or modify the class definitions consistent with the record.

Case ID: 211100417

44.     The Members of the Class for whose benefit this action is brought are so numerous that joinder of all members is impracticable.

45.     The exact number and identities of the persons who fit within the Class are ascertainable in that Comcast and third parties maintain written and/or electronically stored data showing:

    a.   The time period(s) during which Comcast placed its calls;

    b.   The telephone numbers to which Comcast placed its calls;

    c.   The telephone numbers for which Comcast had prior express consent;

    d.   The telephone numbers for which Comcast was informed were incorrect;

    e.   The purposes of such calls; and

    f.   The names and addresses of Class members.

46.     The Class is comprised of hundreds, if not thousands, of individuals.

47.     There are common questions of law and fact affecting the rights of the Members of the Class, including, *inter alia*, the following:

    a.   Whether Comcast (or someone acting on its behalf) used an artificial or prerecorded voice in placing its calls;

    b.   Whether Comcast (or someone acting on its behalf) obtains prior express consent;

    c.   Whether Comcast ignored consumers' indications that they were not the consumers Comcast intended to call;

    d.   Whether Ms. Aweau and the Class were damaged thereby, and the extent of damages for such violations; and

    e.   Whether Comcast should be enjoined from engaging in such conduct in the future.

Case ID: 211100417

48.     Ms. Aweau is a member of the Class in that Comcast placed a prerecorded call to her cellular telephone without her prior express consent and after Ms. Aweau notified Comcast that it was calling the wrong number.

49.     Ms. Aweau's claims are typical of the claims of the Members of the Class in that they arise from Comcast's uniform conduct and are based on the same legal theories as these claims.

50.     Ms. Aweau and all putative Members of the Class have also necessarily suffered concrete harm in addition to statutory damages, as all Members of the Class spent time tending to Defendant's unwanted calls and suffered a nuisance and an invasion of their privacy.

51.     Ms. Aweau has no interests antagonistic to, or in conflict with, the Class.

52.     Ms. Aweau will thoroughly and adequately protect the interests of the Class, having retained qualified and competent legal counsel to represent her and the Class.

53.     Comcast has acted and refused to act on grounds generally applicable to the Class, thereby making injunctive and declaratory relief appropriate for the Class.

54.     The prosecution of separate actions by individual class members would create a risk of inconsistent or varying adjudications.

55.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy since, *inter alia*, the damages suffered by each class member make individual actions uneconomical.

56.     Common questions will predominate, and there will be no unusual manageability issues.

8

Case ID: 211100417

**CAUSE OF ACTION**
**Violations of the TCPA, 47 U.S.C. § 227(b)**

57.     Plaintiff and the proposed Class incorporate the foregoing allegations as if fully set forth herein.

58.     Comcast used an artificial or prerecorded voice to make non-emergency calls to the cellular telephones of Plaintiff and Class members, without their prior express consent.

59.     Comcast has therefore violated 47 U.S.C. § 227(b).

60.     As a result of Comcast's unlawful conduct, Plaintiff and the Class Members are entitled to an award of $500 in statutory damages for each call, pursuant to 47 U.S.C. § 227(b)(3)(B).

61.     Plaintiff and the Class Members are entitled to an award of treble damages in an amount up to $1,500 for each call made knowingly and/or willfully, pursuant to 47 U.S.C. § 227(b)(3).

62.     Plaintiff and Class Members are also entitled to and seek injunctive relief prohibiting future violations of the TCPA, including an injunction prohibiting Comcast from calling individuals with an artificial or prerecorded voice after being informed that Comcast or its vendor is calling the wrong number.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, prays for the following relief:

A.     An order certifying the Classes as defined above, appointing Plaintiff as the representative of the Class and appointing her counsel as Class Counsel;

B.     An order declaring that Defendant's actions, as set out above, violate 47 U.S.C. § 227(b);

9

Case ID: 211100417

C.      An award of injunctive and other equitable relief as necessary to protect the interests of the Class, including, *inter alia*, an order prohibiting Defendant from engaging in the wrongful and unlawful acts described herein;

D.      An award of statutory damages;

E.      An award of treble damages; and

F.      Such other and further relief that the Court deems reasonable and just.

Case ID: 211100417

**JURY DEMAND**

Plaintiff requests a trial by jury of all claims that can be so tried.

**Dated:** November 4, 2021

s/ *Max S. Morgan*_____
Max S. Morgan, Esquire
Eric H. Weitz, Esquire
**THE WEITZ FIRM, LLC**
1528 Walnut Street, 4th Floor
Philadelphia, PA 19102
Tel: (267) 587-6240
Fax: (215) 689-0875
max.morgan@theweitzfirm.com
eric.weitz@theweitzfirm.com

11

Case ID: 211100417

## **VERIFICATION**

I, Channel Aweau, having reviewed the attached Complaint which was prepared by my attorney, hereby verifies that the information contained therein may include information furnished to my attorney by individuals other than myself, that the language used therein is that of my attorney, and that to the extent the information set forth therein is not known to me, I have relied upon my attorney in making this Verification.  To the extent that this pleading may contain averments which are inconsistent in fact, the signer has been unable after reasonable investigation to ascertain which of the inconsistent averments are true, but has knowledge or information sufficient to form a belief that one of them is true.

Subject to the above limitations, the information contained therein is true and correct to the best of my knowledge and/or information and belief, subject to the penalties imposed by 18 Pa.C.S. § 4904 relating to unsworn falsification to authorities.

DocuSigned by:

*Channel Aweau*

24E2A1A481A14A0

Channel Aweau

**THE WEITZ FIRM, LLC**
By:   Eric H. Weitz, Esquire
          Max S. Morgan, Esquire
I.D. Nos. 65514/316096
1528 Walnut Street, 4th Floor
Philadelphia, PA 19102
267-587-6240
215-689-0875 facsimile
eric.weitz@theweitzfirm.com
max.morgan@theweitzfirm.com

*Filed and Attested by the Office of Judicial Records 03 DEC 2021 01:31 pm G. IMPERATO*

|  |  |
|---|---|
| **CHANNEL AWEAU**, *individually, and on behalf of all others similarly situated*, 2803 June Lane Bossier City, Louisiana 71112-2727 | *Attorneys for Plaintiff and Class Action* **PHILADELPHIA COUNTY COURT OF COMMON PLEAS CIVIL TRIAL DIVISION** |
| *Plaintiff,* | **CLASS ACTION** |
| v. | **NOVEMBER TERM, 2021** |
| **COMCAST CORPORATION,** One Comcast Center Philadelphia, Pennsylvania 19103 | **NO. 000417** |
| *Defendant.* | |

## STIPULATION TO AMEND COMPLAINT IN ACCORDANCE WITH PENNSYLVANIA RULE OF CIVIL PROCEDURE 1033

      **IT IS HEREBY STIPULATED AND AGREED** by and between the parties that Plaintiff may file an Amended Complaint in this action to substitute the name of the Defendant in the above-captioned matter from "Comcast Corporation" to "Comcast Cable Communications, LLC."

      It is **FURTHER ORDERED AND DECREED** that the caption shall be amended to reflect this change.

      **THE WEITZ FIRM, LLC**

BY:   *s/Max S. Morgan*_____
     **ERIC H. WEITZ, ESQUIRE**
     **MAX S. MORGAN, ESQUIRE**
     *Attorneys for Plaintiffs*

     **AKIN GUMP STRAUSS HAUER FELD LLP**

BY:   *s/Seamus Duffy*_____
**SEAMUS DUFFY, ESQUIRE**
*Attorney for Defendant*

     **BY THE COURT:**

     _____
                                       J.

Dated:

**THE WEITZ FIRM, LLC**
By:  Eric H. Weitz, Esquire
       Max S. Morgan, Esquire
I.D. Nos. 65514/316096
1528 Walnut Street, 4th Floor
Philadelphia, PA 19102
267-587-6240
215-689-0875 facsimile
eric.weitz@theweitzfirm.com
max.morgan@theweitzfirm.com

THIS IS NOT AN ARBITRATION
CASE. JURY TRIAL DEMANDED

*Filed and Attested by the
Office of Judicial Records
03 DEC 2021 01:39 pm
G. IMPERATO*

*Attorneys for Plaintiff and Class Action*

| | |
|---|---|
| **CHANNEL AWEAU**, *individually, and on behalf of all others similarly situated*, 2803 June Lane Bossier City, Louisiana 71112-2727 | **PHILADELPHIA COUNTY COURT OF COMMON PLEAS CIVIL TRIAL DIVISION** |
| *Plaintiff,* | **CLASS ACTION** |
| v. | **NOVEMBER TERM, 2021** |
| **COMCAST CABLE COMMUNICATIONS, LLC,** One Comcast Center Philadelphia, Pennsylvania 19103 | **NO.  000417** |
| | **JURY TRIAL DEMANDED** |
| *Defendant.* | |

### NOTICE TO DEFEND

| NOTICE | AVISO |
|---|---|
| You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint of for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you. | Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las paginas siguientes, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificacion. Hace falta ascentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion. Ademas, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted. |

1

*You should take this paper to your lawyer at once. If you do not have a lawyer or cannot afford one, go to or telephone the office set forth below to find out where you can get legal help.*

*Lleve esta demanda a un abogado immediatamente. Si no tiene abogado o si no tiene el dinero suficiente de pagar tal servicio. Vaya en persona o llame por telefono a la oficina cuya direccion se encuentra escrita abajo para averiguar donde se puede conseguir asistencia legal.*

**Philadelphia Bar Association
Lawyer Referral
and Information Service
1101 Market St., 11th Floor
Philadelphia, Pennsylvania 19107
(215) 238-6333**

*Asociacion De Licenciados
De Filadelfia
Servicio De Referencia E
Informacion Legal
1101 Market St., 11th Piso
Filadelfia, Pennsylvania 19107
(215) 238-6333*

## CLASS ACTION – AMENDED COMPLAINT

Plaintiff, Channel Aweau, individually and on behalf of all others similarly situated, brings this class action under Pa. R.C.P. §§ 1701-1717 against Defendant, Comcast Cable Communications, LLC ("Defendant" or "Comcast"), and alleges the following:

## INTRODUCTION

1.      Since at least as early as October 24, 2020, Comcast has repeatedly called Ms. Aweau's cellular telephone about a Comcast account that does not belong to her.

2.      Comcast used an artificial or prerecorded voice to make these calls in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq*. ("TCPA").

3.      Ms. Aweau is not, and has never been, a Comcast customer and did not provide her express consent (or any consent whatsoever), to receive calls from Comcast regarding an account that she does not own.

4.      On numerous occasions, Ms. Aweau informed Comcast that it was calling the wrong number and asked Comcast to stop calling her.

5.      Comcast stated that it marked her number as "do-not-call" and promised Ms. Aweau that the calls would stop.

2

Case ID: 211100417

6.      Comcast, nevertheless, continues to make calls to Ms. Aweau's cellular telephone without her consent.

7.      Accordingly, Ms. Aweau brings this TCPA action on behalf of herself and a class of similarly situated individuals under 47 U.S.C. §§ 227(b).

## JURISDICTION AND VENUE

8.      This Court has jurisdiction over Plaintiff's federal claims pursuant to 47 U.S.C. § 227(b)(3), which provides that "[a] person . . . may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State . . . an action based on a violation of this subsection . . . ."  47 U.S.C. § 227(b)(3).

9.      Comcast is a Delaware limited liability company who at all times material to this Complaint has been in good standing and authorized to transact business in the Commonwealth of Pennsylvania.

10.     Comcast has registered as a foreign corporation with the Pennsylvania Secretary of State pursuant to 15 Pa. Cons. Stat. § 411(a).

11.     Comcast carries on a continuous and systematic part of its general business within the Commonwealth of Pennsylvania.

12.     Venue is appropriate under Pa. R.C.P. 1006 because Comcast is located in this county, and because the transactions or occurrences out of which this cause of action arose took place in this county.

## PARTIES

13.     Plaintiff Channel Aweau ("Ms. Aweau") is, and at all times mentioned herein was, a citizen and resident of Bossier City, Louisiana.

14.     Ms. Aweau is, and at all times mentioned herein was, a "person" as defined by 47

3

Case ID: 211100417

U.S.C. § 153(39).

15.     Defendant Comcast Cable Communications, LLC is, and at all times mentioned herein was, a Delaware limited liability company with offices at One Comcast Center, Philadelphia, Pennsylvania 19103-2838.

16.     Defendant is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153 (39).

## **FACTUAL ALLEGATIONS**

17.     Ms. Aweau's telephone number, (xxx) xxx-1111, is assigned to a cellular telephone service.

18.     This number has been assigned to Ms. Aweau since December, 2016.

19.     Since at least as early as October 24, 2020, Comcast has repeatedly called Ms. Aweau's cellular telephone number and played a prerecorded message relating to a Comcast account that utilized an artificial or prerecorded voice.

20.     Ms. Aweau knew that the call used an artificial or prerecorded voice due to the tone and cadence of the voice and because Ms. Aweau is familiar with traditional human discourse and was unable to interact with the caller.

21.     With millions of customers, the scale of Comcast's business requires the use of an automated system that allows the delivery of messages without the involvement of human agents.

22.     These calls are made from the number 1-888-934-6489.[1]

23.     Ms. Aweau does not have a Comcast account.

24.     Ms. Aweau has never been a Comcast customer.

---

[1] Other consumers report receiving similar calls from Comcast. *See https://lookup.robokiller.com/p/888-934-6489?__cf_chl_jschl_tk__=pmd_oq5KYETXhjEVg0An.VYo.8OMPfB0KIIdq8eTUPfazWM-1633552613-0-gqNtZGzNAlCjcnBszOv9* (last accessed October 6, 2021).

4

Case ID: 211100417

25.     Ms. Aweau did not consent to receive calls from Comcast and never consented to receive calls intended for other Comcast customers.

26.     During numerous calls, Ms. Aweau followed the prompts to be connected to a live agent and informed the agent that Comcast was calling the wrong number and requested that the calls stop.

27.     Despite her informing Comcast of the erroneous nature of its calls and requesting that the calls stop, Comcast continued to place prerecorded calls to Ms. Aweau.

28.     On October 24, 2020 and June 24, 2021, Ms. Aweau spoke with a Comcast representative.

29.     On both occasions, the Comcast representative advised that Ms. Aweau's number was being marked as "do-not-call", or words to that effect, and that she should not receive any further calls.

30.     Despite these assurances, Ms. Aweau continues to receive calls from Comcast.

31.     Ms. Aweau also called Comcast's customer service number and requested that the calls stop.

32.     Nevertheless, Ms. Aweau continues to receive calls from Comcast.

33.     The content of Comcast's messages demonstrates that Comcast's calls were not made of an emergency purpose.

34.     Comcast is aware of the problems with its system resulting in these improper calls.

35.     Comcast has been sued multiple times for behavior similar to that described in this complaint.  *See, e.g., Lacy v. Comcast Corporation*, Case No. 19-05007 (W.D. Wash.); *Elder v. Comcast Corporation*, Case No. 15-3834 (E.D. Pa.).

36.     Comcast is aware of the TCPA's prohibitions against the use of artificial or

5

Case ID: 211100417

prerecorded voices to make calls to cellular phones without the prior express consent of the called

party. Comcast therefore knowingly and willfully caused calls utilizing an artificial or prerecorded

voice to be made to the cellular telephones of Ms. Aweau and other consumers without their prior

express consent.

37.     In addition, each call Comcast made to Ms. Aweau's cellular telephone after she

informed Comcast that it was calling the wrong number was made knowingly and willfully.

38.     Ms. Aweau has suffered concrete harm because of Defendant's unwanted and

unsolicited telemarketing calls, including, but not limited to:

- Lost time tending to and responding to the unsolicited calls;

- Invasion of Privacy; and

- Nuisance.

39.     Accordingly, each of Comcast's calls to Ms. Aweau using an artificial or

prerecorded voice violated 47 U.S.C. § 227(b).

40.     For violations of 47 U.S.C. § 227(b), Ms. Aweau is entitled to a minimum of $500

per call.

41.     Ms. Aweau is entitled to $1500 per call if Comcast's actions are found to be

knowing or willful.

## CLASS ACTION ALLEGATIONS

42.     Plaintiff brings this action on behalf of a class, pursuant to Pa. R.C.P. §§ 1701-

1717.

43.     Plaintiff seeks to represent the following Class:

> **All persons called by or on behalf of Comcast on their cellular
> telephone numbers with an artificial or prerecorded voice
> within four years of the filing of the complaint after informing
> Comcast or its vendor that the call was to a wrong number.**

6

Case ID: 211100417

44.     Plaintiff reserves the right to amend or modify the class definitions consistent with the record.

45.     The Members of the Class for whose benefit this action is brought are so numerous that joinder of all members is impracticable.

46.     The exact number and identities of the persons who fit within the Class are ascertainable in that Comcast and third parties maintain written and/or electronically stored data showing:

      a.   The time period(s) during which Comcast placed its calls;

      b.   The telephone numbers to which Comcast placed its calls;

      c.   The telephone numbers for which Comcast had prior express consent;

      d.   The telephone numbers for which Comcast was informed were incorrect;

      e.   The purposes of such calls; and

      f.   The names and addresses of Class members.

47.     The Class is comprised of hundreds, if not thousands, of individuals.

48.     There are common questions of law and fact affecting the rights of the Members of the Class, including, *inter alia*, the following:

      a.   Whether Comcast (or someone acting on its behalf) used an artificial or prerecorded voice in placing its calls;

      b.   Whether Comcast (or someone acting on its behalf) obtains prior express consent;

      c.   Whether Comcast ignored consumers' indications that they were not the consumers Comcast intended to call;

      d.   Whether Ms. Aweau and the Class were damaged thereby, and the extent of damages for such violations; and

Case ID: 211100417

e.    Whether Comcast should be enjoined from engaging in such conduct in the future.

49.    Ms. Aweau is a member of the Class in that Comcast placed a prerecorded call to her cellular telephone without her prior express consent and after Ms. Aweau notified Comcast that it was calling the wrong number.

50.    Ms. Aweau's claims are typical of the claims of the Members of the Class in that they arise from Comcast's uniform conduct and are based on the same legal theories as these claims.

51.    Ms. Aweau and all putative Members of the Class have also necessarily suffered concrete harm in addition to statutory damages, as all Members of the Class spent time tending to Defendant's unwanted calls and suffered a nuisance and an invasion of their privacy.

52.    Ms. Aweau has no interests antagonistic to, or in conflict with, the Class.

53.    Ms. Aweau will thoroughly and adequately protect the interests of the Class, having retained qualified and competent legal counsel to represent her and the Class.

54.    Comcast has acted and refused to act on grounds generally applicable to the Class, thereby making injunctive and declaratory relief appropriate for the Class.

55.    The prosecution of separate actions by individual class members would create a risk of inconsistent or varying adjudications.

56.    A class action is superior to other available methods for the fair and efficient adjudication of the controversy since, *inter alia*, the damages suffered by each class member make individual actions uneconomical.

57.    Common questions will predominate, and there will be no unusual manageability issues.

8

Case ID: 211100417

**CAUSE OF ACTION**
**Violations of the TCPA, 47 U.S.C. § 227(b)**

58.     Plaintiff and the proposed Class incorporate the foregoing allegations as if fully set forth herein.

59.     Comcast used an artificial or prerecorded voice to make non-emergency calls to the cellular telephones of Plaintiff and Class members, without their prior express consent.

60.     Comcast has therefore violated 47 U.S.C. § 227(b).

61.     As a result of Comcast's unlawful conduct, Plaintiff and the Class Members are entitled to an award of $500 in statutory damages for each call, pursuant to 47 U.S.C. § 227(b)(3)(B).

62.     Plaintiff and the Class Members are entitled to an award of treble damages in an amount up to $1,500 for each call made knowingly and/or willfully, pursuant to 47 U.S.C. § 227(b)(3).

63.     Plaintiff and Class Members are also entitled to and seek injunctive relief prohibiting future violations of the TCPA, including an injunction prohibiting Comcast from calling individuals with an artificial or prerecorded voice after being informed that Comcast or its vendor is calling the wrong number.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, prays for the following relief:

A.     An order certifying the Classes as defined above, appointing Plaintiff as the representative of the Class and appointing her counsel as Class Counsel;

B.     An order declaring that Defendant's actions, as set out above, violate 47 U.S.C. §

Case ID: 211100417

227(b);

      C.     An award of injunctive and other equitable relief as necessary to protect the interests of the Class, including, *inter alia*, an order prohibiting Defendant from engaging in the wrongful and unlawful acts described herein;

      D.     An award of statutory damages;

      E.     An award of treble damages; and

      F.     Such other and further relief that the Court deems reasonable and just.

Case ID: 211100417

## JURY DEMAND

Plaintiff requests a trial by jury of all claims that can be so tried.

**Dated:** December 3, 2021                    s/ *Max S. Morgan*_____

Max S. Morgan, Esquire
Eric H. Weitz, Esquire
**THE WEITZ FIRM, LLC**
1528 Walnut Street, 4th Floor
Philadelphia, PA 19102
Tel: (267) 587-6240
Fax: (215) 689-0875
max.morgan@theweitzfirm.com
eric.weitz@theweitzfirm.com

Case ID: 211100417

## <u>VERIFICATION</u>

      I, Channel Aweau, having reviewed the attached Amended Complaint which was prepared by my attorney, hereby verifies that the information contained therein may include information furnished to my attorney by individuals other than myself, that the language used therein is that of my attorney, and that to the extent the information set forth therein is not known to me, I have relied upon my attorney in making this Verification.  To the extent that this pleading may contain averments which are inconsistent in fact, the signer has been unable after reasonable investigation to ascertain which of the inconsistent averments are true, but has knowledge or information sufficient to form a belief that one of them is true.

      Subject to the above limitations, the information contained therein is true and correct to the best of my knowledge and/or information and belief, subject to the penalties imposed by 18 Pa.C.S. § 4904 relating to unsworn falsification to authorities.

DocuSigned by:

*Channel Aweau*

24E2A1A481A14A0...

Channel Aweau

AKIN GUMP STRAUSS HAUER
 & FELD LLP
By:  Seamus C. Duffy (ID # 52501)
1735 Market Street
12th Floor
Philadelphia, PA  19103
215-965-1212
sduffy@akingump.com

*Attorney for Defendant*
*Comcast Cable Communications, LLC*



*Filed and Attested by the Office of Judicial Records 07 DEC 2021 08:41 am M. RUSSO*

| | | |
|---|---|---|
| **CHANNEL AWEAU, individually, and on behalf of all others similarly situated,** | : | **COURT OF COMMON PLEAS** |
| | : | **PHILADELPHIA COUNTY** |
| | : | |
| **Plaintiff,** | : | |
| | : | **NOVEMBER TERM, 2021** |
| **v.** | : | |
| | : | **NO. 000417** |
| **COMCAST CABLE COMMUNICATIONS, LLC,** | : | |
| | : | |
| | : | |
| **Defendant.** | : | **CLASS ACTION** |

## ACCEPTANCE OF SERVICE

TO THE PROTHONOTARY:

I, Seamus C. Duffy, being the attorney for Defendant, Comcast Cable Communications, LLC, hereby accept service of Plaintiff Channel Aweau's Amended Complaint against Comcast Cable Communication, LLC under Rule 402(b) in the above-captioned matter and certify that I am authorized to do so.

Dated:  December 3, 2021                          /s/ Seamus C. Duffy
                                                                        Seamus C. Duffy (ID # 52501)