IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHANNEL AWEAU, on behalf of herself and others similarly situated, | CIVIL ACTION<br><br>No.: 2:21-cv-05675-PD |
| *Plaintiff*, | |
| vs. | Jury Trial Demanded |
| COMCAST CABLE COMMUNICATIONS, LLC, | |
| *Defendant*. | |

# FIRST AMENDED CLASS ACTION COMPLAINT

## NATURE OF THE ACTION

1. Channel Aweau ("Plaintiff") brings this class action against Comcast Cable Communications, LLC ("Comcast") under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

2. Section 227(b)(1)(A)(iii) of the TCPA sets forth restrictions on the use of automated telephone equipment and prerecorded voice calls, and provides in pertinent part:

> It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States—
>
> (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice—
>
> *****
>
> (iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call . . . .

47 U.S.C. §227(b)(1)(A)(iii).

3. Upon information and belief, Comcast routinely violated 47 U.S.C. § 227(b)(1)(A)(iii) by placing non-emergency telephone calls to consumers' cellular telephone

numbers by using an artificial or prerecorded voice, without the prior express consent of the consumers, in that Comcast repeatedly delivered artificial or prerecorded voice messages to wrong or reassigned cellular telephone numbers that do not belong to its subscribers. *Accord Lemos v. Credit One Bank, N.A.*, 960 F.3d 1164, 1166 (9th Cir. 2020) ("The principal question in this case is whether Credit One can escape liability under the TCPA because the party it intended to call (its customer) had given consent to be called, even though the party it actually called had not. Consistent with every circuit to have addressed this issue, we hold that this argument fails under the TCPA's text, most naturally read.").

## JURISDICTION

4. This Court has subject matter jurisdiction under 47 U.S.C. § 227(b)(3) and 28 U.S.C. § 1331.

5. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where Comcast resides in this District, and where a substantial part of the events giving rise to this action occurred in this District.

## PARTIES

6. Plaintiff is a natural person who at all relevant times resided in Bossier City, Louisiana.

7. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

8. Comcast is a Delaware limited liability company with headquarters at One Comcast Center, Philadelphia, Pennsylvania 19103-2838.

9. Comcast provides cable television and other services throughout this District and the United States.

10. Comcast is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

## FACTUAL ALLEGATIONS

11. In an attempt to contact one or more third parties, Comcast placed numerous calls and delivered artificial or prerecorded voice messages to cellular telephone number (XXX) XXX-1111.

12. Plaintiff is, and at all relevant times was, the sole customary user of cellular telephone number (XXX) XXX-1111.

13. Comcast began placing calls and delivering artificial or prerecorded voice messages to cellular telephone number (XXX) XXX-1111 as early as October 24, 2020, if not earlier.

14. Comcast placed its calls to cellular telephone number (XXX) XXX-1111 from one or more telephone numbers, including: (888) 934-6489.

15. When dialed, telephone number (888) 934-6489 plays a prerecorded voice message greeting that begins: "Hi. Thank you for calling Xfinity. This call may be monitored or recorded. For more information about our privacy practices, visit us at xfinity.com/privacy…"[1]

16. From 2020 to the present, Comcast placed tens of calls to cellular telephone number (XXX) XXX-1111.

17. From 2020 to the present, Comcast placed tens of calls to cellular telephone number (XXX) XXX-1111 with an artificial or prerecorded voice.

18. The total number of calls Comcast placed to cellular telephone number (XXX) XXX-1111 and in connection with which Comcast used an artificial or prerecorded voice will be determined during discovery.

---

[1] Xfinity is a d/b/a for Comcast.

19. Plaintiff listened to many artificial or prerecorded voice messages from Defendant on calls that were made to cellular telephone number (XXX) XXX-1111.

20. Comcast's records will identify each call it placed to cellular telephone number (XXX) XXX-1111.

21. Comcast's records will identify each prerecorded voice message it played or delivered, or attempted to play or deliver, to cellular telephone number (XXX) XXX-1111.

22. During several of Comcast's calls to her cellular telephone, Plaintiff followed the prompts to be connected to a live agent and informed the agent that Comcast was calling the wrong number and that it should stop calling her.

23. On another occasion, Plaintiff called Comcast to report that she was receiving calls for the wrong person and that the calls should stop.

24. During these conversations, the Comcast representative advised Plaintiff that her cellular telephone number was being marked as "do-not-call," or words to that effect, and that she should not receive any further calls from Comcast.

25. Despite informing Comcast on multiple occasions that it was placing calls to the wrong person and despite Comcast's assurances that the calls would stop, Comcast continued to place calls and deliver artificial or prerecorded voice messages to Plaintiff's cellular telephone number (XXX) XXX-1111.

26. Comcast did not have Plaintiff's prior express consent to place any calls to her cellular telephone number.

27. Comcast did not have Plaintiff's prior express consent to deliver artificial or prerecorded voice messages to her cellular telephone.

28. Plaintiff never provided her cellular telephone number to Comcast in connection with any subscription to Comcast services.

29. Plaintiff never had any business relationship with Comcast.

30. Plaintiff is not, and never was, a Comcast subscriber or customer.

31. Plaintiff does not have, and never had, a Comcast account.

32. Comcast did not place any calls to Plaintiff's cellular telephone number for emergency purposes.

33. Comcast placed its calls and delivered artificial or prerecorded voice messages to Plaintiff's cellular telephone number under its own free will.

34. Comcast had knowledge that it was using an artificial or prerecorded voice in connection with calls it placed to Plaintiff's cellular telephone number.

35. Plaintiff suffered actual harm as a result Comcast's calls and prerecorded voice messages in that she suffered an invasion of privacy, an intrusion into her life, a private nuisance, and was forced to spend time attempting to get Comcast's calls and prerecorded voice messages to stop.

36. Upon information and good faith belief, Comcast, as a matter of pattern and practice, places calls using an artificial or prerecorded voice, absent prior express consent, to telephone numbers assigned to a cellular telephone service.

37. In fact, Comcast has faced multiple lawsuits over alleged violations of the TCPA.

## CLASS ACTION ALLEGATIONS

38. Plaintiff brings this action as a class action pursuant to Federal Rule of Civil Procedure 23(a) and (b) on behalf of herself and two classes of similarly situated individuals as defined below:

> **Non-Customer Class**: All persons and entities throughout the United States (1) to whom Comcast Cable Communications, LLC placed a call, (2) directed to a number assigned to a cellular telephone service, but not assigned to a current or former Comcast Cable Communications, LLC

subscriber, (3) with an artificial or prerecorded voice, (4) from November 5, 2017 through the date of class certification.

**Notice Class**: All persons and entities throughout the United States (1) to whom Comcast Cable Communications, LLC placed a call, (2) directed to a number assigned to a cellular telephone service, but not assigned to a current or former Comcast Cable Communications, LLC subscriber, (3) with an artificial or prerecorded voice, (4) from November 5, 2017 through the date of class certification, (5) after the call recipient informed Comcast Cable Communications, LLC that it was calling a wrong number.

Excluded from the classes are Comcast, its officers and directors, members of their immediate families and their legal representatives, heirs, successors, or assigns, and any entity in which Comcast has or had a controlling interest.

39. The proposed classes are so numerous that, upon information and belief, joinder of all members is impracticable.

40. The exact number of class members is unknown to Plaintiff at this time and can only be determined through appropriate discovery.

41. The proposed classes are ascertainable because they are defined by reference to objective criteria.

42. In addition, and upon information and belief, the cellular telephone numbers of all members of the classes can be identified in business records maintained by Comcast and third parties, including class members.

43. Plaintiff's claims are typical of the claims of the members of the classes because all of the class members' claims originate from the same conduct, practice and procedure on the part of Comcast, and Plaintiff possesses the same interests and has suffered the same injuries as each class member.

44. Like all members of the proposed classes, Plaintiff received artificial or prerecorded voice messages from Comcast, without her consent, in violation of 47 U.S.C. § 227.

45. Like all members of the proposed Non-Customer Class, Plaintiff received artificial or prerecorded voice calls from Comcast even though she is not a Comcast subscriber.

46. Like all members of the proposed Notice Class, Plaintiff received artificial or prerecorded voice messages from Comcast after informing Comcast that it was calling the wrong number.

47. Plaintiff will fairly and adequately protect the interests of the members of the classes and has retained counsel experienced and competent in class action litigation.

48. Plaintiff has no interests that are contrary to or in conflict with the members of the classes that she seeks to represent.

49. A class action is superior to all other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable.

50. Furthermore, as the damages suffered by individual members of the classes may be relatively small, the expense and burden of individual litigation make it impracticable for the members of the classes to individually redress the wrongs done to them.

51. There will be little difficulty in the management of this action as a class action.

52. Issues of law and fact common to the members of the classes predominate over any questions that may affect only individual members, in that Comcast has acted on grounds generally applicable to the classes.

53. Among the issues of law and fact common to the classes are:

   a. Comcast's violations of the TCPA as alleged in this First Amended Class Action Complaint;

   b. Comcast's use of an artificial or prerecorded voice in connection with its calls;

   c. Comcast's practice of delivering artificial or prerecorded voice messages to wrong or reassigned cellular telephone numbers;

    d. Comcast's practice of delivering artificial or prerecorded voice messages to wrong or reassigned cellular telephone numbers after it is informed that it is calling a wrong number;

    e. Whether Comcast is liable for the artificial and prerecorded messages it delivers to persons who are not its customers or subscribers; and

    f. the availability of statutory damages.

54. Absent a class action, Comcast's violations of the law will be allowed to proceed without a full, fair, judicially supervised remedy.

**COUNT I**
**Violations of 47 U.S.C. § 227(b)(1)(A)(iii)**
**On behalf of Plaintiff and the classes**

55. Plaintiff repeats and re-alleges each and every factual allegation contained in paragraphs 1-54.

56. Comcast violated 47 U.S.C. § 227(b)(1)(A)(iii) by utilizing an artificial or prerecorded voice in connection with calls it placed tothe cellular telephones of Plaintiff and the class members, without their consent.

57. As a result of Comcast's violations of 47 U.S.C. § 227(b)(1)(A)(iii), Plaintiff and the members of the classes are entitled to damages in an amount to be proven at trial.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

    (a) Determining that this action is a proper class action and designating Plaintiff as the class representative and appointing her counsel as class counsel under Rule 23 of the Federal Rules of Civil Procedure;

    (b) Adjudging that Comcast violated 47 U.S.C. § 227(b)(1)(A)(iii), and enjoining Comcast from continuing to place calls by using an artificial or prerecorded voice to

Plaintiff and members of the proposed classes without their prior express consent, and from committing further violations of 47 U.S.C. § 227(b)(1)(A)(iii);

   (c) Awarding Plaintiff and members of the classes statutory damages pursuant to 47 U.S.C. § 227(b)(3) in an amount up to $1,500.00 per violation;

   (d) Awarding Plaintiff and members of the classes their reasonable costs, expenses, and attorneys' fees incurred in this action, including expert fees, pursuant to Rule 23 of the Federal Rules of Civil Procedure; and

   (e) Awarding other and further relief as the Court may deem just and proper.

## **JURY TRIAL DEMANDED**

Plaintiff hereby demands a trial by jury.

Dated: February 2, 2022

*/s/ Max S. Morgan*
Max S. Morgan
Eric H. Weitz
THE WEITZ FIRM, LLC
1528 Walnut Street, 4th Floor
Philadelphia, PA 19102
Tel: (267) 587-6274
max.morgan@theweitzfirm.com
eric.weitz@theweitzfirm.com

Anthony I. Paronich*
PARONICH LAW, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
Tel: (508) 221-1510
anthony@paronichlaw.com

Michael L. Greenwald*
GREENWALD DAVIDSON RADBIL PLLC
7601 N. Federal Highway, Suite A-230
Boca Raton, FL 33487
Tel: (561) 826-5477
mgreenwald@gdrlawfirm.com
*Counsel for Plaintiff and the proposed classes*
*Application for admission *pro hac vice* forthcoming

9

**CERTIFICATE OF SERVICE**

      I certify that on February 2, 2022, the foregoing document was filed with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all attorneys of record.

                                                    /s/ Max S. Morgan